FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 13 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 - 04602

JOEL SCHWARTZ on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-

**GLEESON, J.**

CREDIT PROTECTION ASSOCIATION L.P.

Defendant.

POHORELSKY, M.J.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Joel Schwartz seeks redress for the illegal practices of Credit Protection Association L.P. in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt purportedly owed to National Grid.

5. Upon information and belief, Defendant's principal place of business is located within Houston, Texas.

6. Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7. Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this instant action occurred, in substantial part, within this District.

### *Allegations Particular to Joel Schwartz*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or around January 12, 2012, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

Section 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). "Importantly, the FDCPA does not assume that the recipient of a collection letter is aware of h[is] right to require verification of the debt.

Instead, the statute requires the debt collector to inform the debtor of his rights by sending him a 'validation notice' with the initial dunning letter (or within 5 days thereafter)." Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d 1060,1064(D. Minn. 2008) (One of the reasons for requiring notice is to "ensure that debt collectors [give] consumers adequate information concerning their legal rights."); Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988), quoting S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. 17 News 1695, 1702 (However, if the consumer fails to contact the debt collector within 30 days, these rights are lost forever. *Id.* It is therefore in the interest of an unscrupulous debt collector to not actually alert the consumer to his or her rights. Overshadowing occurs not only when the validation notice contains contradictory language, but also when the overall tenor, form, and context of the communication would mislead the least sophisticated debtor and encourage him to disregard his rights.); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996) (A notice is overshadowing or contradictory if the least sophisticated consumer would be confused as to the consumer's rights.); Terran v. Kaplan,109 F.3d 1428,1432 (9th Cir.1997); Voris v. Resurgent Capital Services, L.P., 494 F. Supp. 2d 1156,1163 (S.D.Cal. 2007) (Thus, it makes sense that under the FDCPA, notice of the thirty-day validation period is mandatory, but is not, under every circumstance, sufficient to satisfy § 1692g(a), a debt collector must "effectively convey" the notice to the debtor.); Smith v. Computer Credit, Inc., 167 F. 3d 1052, 1054 (6th Cir. 1999) (To determine whether a debt collector has "effectively conveyed" the validation notice, the United States Court of

Appeals for the Third Circuit applies the "least sophisticated debtor" standard. The FDCPA is to be interpreted in accordance with the "least sophisticated debtor" standard.). *See:* Clark Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir.2006) (The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."); Smith,167 F.3d at 1054, quoting Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1227 (9th Cir. 1988)).

12. Defendant's January 12, 2012 collection letter attached hereto stated the following: "Be advised that the thirty (30) day validation period discussed in our first letter concerning the validity of your debt will pass within the next three (3) weeks. If you do not seek validation, we will assume that your debt is valid at the end of that period."

13. However, the back side of Defendant's January 12, 2012 collection letter contradicts this statement by providing Plaintiff with another validation notice which states that: ... "Unless you, within thirty days after receipt of this initial notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector."

14. By providing two separate and contradictory notices to Plaintiff regarding his right to dispute this debt, including a notice which was in and of itself contradictory within the January 12, 2012 collection letter, Defendant falsely and deceptively misstated, overshadowed and contradicted Plaintiff's right to dispute this debt under the FDCPA in violation of numerous and multiple provisions of the FDCPA, including but not limited to

15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(b), amongst others.

Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.); Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008) (The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate." This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor.); Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011) (A communication that could be "reasonably read to have two or more different meanings, one of which is inaccurate," is considered deceptive.); Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (It is a remedial statute that we 'construe . . . broadly, so as to affect its purpose.' " Communications are to be analyzed under the

least sophisticated debtor standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.); Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008) (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."); Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006). (FDCPA is a remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.); Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009) (Where Defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more different meanings, one of which is inaccurate," the court denied Defendant's motion for summary judgment.); Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009) (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.); Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009) (A collection letter is deceptive if it can reasonably have two meanings, one of which is inaccurate.); Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011) (A notice that could be "reasonably read to have two or more different meanings, one of which is

inaccurate,''"); Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992). ("Least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice).

15. The Defendant, a foreign Texas L.P., filed an application for authority to do business in New York with the New York Department of State on or about October 23, 1998. The Department of Corporations in New York confirmed that as of May 21, 2012, Credit Protection Association L.P. has not filed any affidavits or certificate of publication which leads them to be suspended from doing business in New York.

16. Foreign L.P.'s are required to publish their formation, and file proof of publication of their L.P. within 120 days of the filing of their application for authority.

17. At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publications and/or failed to file any sort of proof or affidavit of publication, as required.

18. Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.

19. At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

20. During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

21. At the time of the mailing of the collection letters, Defendant's authority to do business had been suspended.

22. The least sophisticated consumer is unlikely to search and/or to have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended.

23. Doing business in New York when Defendant's authority to do business had been suspended violates 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f.

    Section 1692e, titled False or Misleading Representations, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of - (A) the character, amount, or legal status of any debt; and (10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

    Section 1692f, titled Unfair Practices, provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

24. Defendant violated the above provisions of the statute because they had no right to collect this debt.

25. Defendant's activities in collecting this debt were deceptive, misleading, and/or false.

26. Defendant's collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

27. Defendant did not inform the consumer that the debt owed was to a Defendant which had no authority to do business in New York and/or that Defendant had no right to collect any money or to sue in New York.

28. Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

29. The conduct of Defendant in collecting and attempting to collect monies owed, when it was not allowed to do so pursuant to the New York Limited Liability Law, constitutes deceptive or materially misleading activity that is directed at consumers and the public at large.

30. Such actions caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

31. As a result of the unlawful collection activity which the Defendant engaged in, Plaintiff is entitled to damages pursuant to GBL § 349.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

32. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty one (31) as if set forth fully in this cause of action.

33. This cause of action is brought on behalf of the Plaintiff and the members of two classes.

34. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about January 12, 2012;

(b) the collection letter was sent to a consumer seeking payment of a personal debt owed to National Grid; (c) the collection letter was not returned by the postal service as undelivered, and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(10), 1692e(5) and 1692g.

35. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter: (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and 1692f, for doing business when its authority to do so in New York had been suspended.

36. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

37. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the best interest(s) of judicial economy.

38. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39. Collection letters such as those left by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

40. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

41. Defendant's violation of the Fair Debt Collection Practices Act entitles the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in Plaintiff's favor as against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
September 10, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Plaintiff{s} request{s} trial by jury on all issues so triable.

Maxim Maximov, Esq.

# COLLECTION NOTICE
## AVISO IMPORTANTE DE COBRO

**CREDIT PROTECTION ASSOCIATION L.P.**

| | | |
|---|---|---|
| January 10, 2012 | Service balance: $133.54 | 7002-0047 |
| 12-075019 | Total Amount Due: $133.54 | |
| 2024963605 | | |
| 01666228860 | | 01666228860 |
| Joel Schwartz | | |

#BWNFMBY————3-DIGIT 112
#01666228860#

Remit to:

Joel Schwartz
5308 13 Ave
Brooklyn, NY 11219-3804

National Grid
P.O. Box 9037
Addison TX 75001-9037

02 12075019 000000000001666228860 0013354 0

FOLD TEAR AND RETURN ABOVE PORTION WITH YOUR PAYMENT
**ALWAYS PROTECT YOUR CREDIT RATING**

**Creditor:** National Grid
**Account #:** 12-075019-2024963605-00
**Reference #:** 01666228860

**Toll Free** (888) 702-7663
**Your SSN #** XXX-XX-8629
**Balance Due:** $133.54
7002-0047

January 10, 2012

Dear Joel Schwartz:

National Grid has informed us that no payment or arrangement was made to clear up your overdue account in the amount of $133.54. Be advised that the thirty (30) day validation period discussed in our first letter concerning the validity of your debt will pass within the next three (3) weeks. If you do not seek validation, we will assume that your debt is valid at the end of that period. If this account is not paid, your name and account number may be reported to credit bureaus throughout the country.

Credit Protection Association is a professional collection agency and is authorized to take all appropriate steps to collect this debt.

To insure proper credit, include the top portion of this letter with your payment. If payment has already been made, please contact National Grid.

For your convenience, Credit Protection Association accepts Visa®, MasterCard® and check payments by phone or Web 24-hours a day, 7 days a week, through our Automated Payment System. To use our system, please call us at 1 (888) 701-0195 or visit www.paycpa.com. Please have your 11 digit reference number 01666228860 available.


ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

Direct inquiries to J. W. Preston at (877) 252-3745.

**Please see reverse side for important information!**

| THIS IS AN ATTEMPT TO COLLECT A DEBT | HERE'S HOW TO PAY<br>* Call 1 (888) 701-0195<br>* Visit www.paycpa.com<br>* Return your payment and coupon through the mail | WE ACCEPT<br>* Check<br>* MoneyGram Express Payment™<br>* Visa® and MasterCard®<br>* Money Order |
|---|---|---|

© 1977-2011 Credit Protection Association, L.P.  13355 Noel Rd.,  Dallas, TX  75240
This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

## PAYMENT NOTICE:

When you provide a check as payment you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

You authorize us to collect the state allowed service fee and any applicable sales tax through a draft or an electronic fund transfer from your account if your payment is returned unpaid.

When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

Your payment by check is your acknowledgement and acceptance of these terms. Checks received by Credit Protection Association may become the property of Credit Protection Association. State allowed service fees will be added to any check returned from the bank unpaid for any reason. The check maker may be subject to collection and possibly legal action if the check amount and *fees are not* paid.

## NOTICE OF IMPORTANT RIGHTS

The Fair Debt Collection Practices Act requires that we, as the debt collector, inform you that: unless you, within thirty days after receipt of this initial notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector. If you notify the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of judgment against you and mail it to you. If requested in writing within thirty days, the debt collector will also provide you with the name and address of the original creditor, if different from the current creditor.

The following states require that we provide residents in that state with the information below:

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In Colorado:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.

**In Maine:** (972) 991-3171 / Dallas Office Hours: 8:00 am to 5:30 pm CST Monday - Friday.

**In Massachusetts:** YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. You may contact us at (972) 991-3171 / Dallas Office Hours: 8:00 am to 5:30 pm CST Monday - Friday.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York, New York:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1002932.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Texas:** Credit Protection Association, L.P. P. O. Box 802068 Dallas, TX, 75380-2068 (972) 233-9614.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** AUTHORIZED TO DO BUSINESS IN THE STATE OF NORTH CAROLINA UNDER THE NAME OF CREDIT PROTECTION ASSOCIATION, LIMITED PARTNERSHIP, P. O. Box 802068 Dallas, TX. 75380-2068 North Carolina Licensing Permit Number 3835.

**In Wisconsin:** AUTHORIZED TO DO BUSINESS IN THE STATE OF WISCONSIN UNDER THE NAME OF CREDIT PROTECTION ASSOCIATION, LIMITED PARTNERSHIP. This collection agency is licensed by the: Office of the Administrator of the Division of Banking, P. O. Box 7876, Madison, Wisconsin 58707.