UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL SCHWARTZ ON BEHALF OF HIMSELF AND ALL OTHER SIMILARLY SITUATED CONSUMERS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　- against -<br><br>CREDIT PROTECTION ASSOCIATION, L.P.,<br><br>　　　　　　　　　Defendant. | Docket No.  12-cv-04602-JP-VVP<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

　　　　Defendant, CREDIT PROTECTION ASSOCIATION, L.P. ("defendant" or "CPA"), by and through its attorneys, Hinshaw & Culbertson LLP, as and for its Answer and Affirmative Defenses to the Class Action Complaint (the "Complaint"), states as follows:

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "INTRODUCTION"

　　　　1.　　Defendant admits that plaintiff brings this lawsuit on behalf of a putative class and admits that plaintiff purports to state claims under the Fair Debt Collection Practices Act ("FDCPA").  Defendant denies the remaining allegations contained in Paragraph 1, and specifically denies that CPA violated the FDCPA or any laws and denies that a class exists, has been damaged, or should be certified.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "PARTIES"

　　　　2.　　Upon reasonable inquiry, the information known and readily available to the defendant renders it unable to admit the truth or falsity of the information contained in Paragraph 2 because it does not know plaintiff's citizenship or where plaintiff currently resides.

3. Upon reasonable inquiry, the information known and readily available to the defendant renders it unable to admit the truth or falsity of the information contained in Paragraph 3 because it does not know the nature of plaintiff's underlying debt.

4. Defendant admits that it sought to collect a debt on which plaintiff defaulted and owes to National Grid.  Upon reasonable inquiry, the information known and readily available to the defendant renders it unable to admit the truth or falsity of the remaining information contained in Paragraph 4 because it does not know the nature of the plaintiff's underlying debt.

5. Defendant denies the allegations contained in Paragraph 5.

6. Defendant admits that it engages in the collection of defaulted debts owed by consumers, and that it do so in order to attempt to make a profit.  Upon reasonable inquiry, the information known and readily available to the defendant renders it unable to admit the truth or falsity of the remaining information contained in Paragraph 6, in particular whether is sought to collect a consumer debt from the plaintiff, because it does not know the nature of the plaintiff's underlying debt.

7. Defendant admits that it is a "debt collector" as defined by the FDCPA in many instances and for many purposes.  Upon reasonable inquiry, the information known and readily available to the defendant renders it unable to admit the truth or falsity of the remaining information contained in Paragraph 7, in particular whether acted as a "debt collector" as defined by the FDCPA with respect to the plaintiff, because it does not know the nature of the plaintiff's underlying debt.

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "JURISDICTION AND VENUE"**

8. Subject to its Affirmative Defenses, defendant does not contest jurisdiction.

9. Defendant does not contest venue.

130505087v1  0942497

### IN RESPONSE TO THE ALLEGATIONS UNDER THE
### HEADING "ALLEGATIONS PARTICULAR TO JOEL SCHWARTZ"

10. Defendant admits that it began collecting a debt from the plaintiff. Defendant denies that the date is better known to it than the plaintiff. Upon reasonable inquiry, the information known and readily available to the defendant renders it unable to admit the truth or falsity of the remaining information contained in Paragraph 10, in particular whether is sought to collect a consumer debt from the plaintiff, because it does not know the nature of the plaintiff's underlying debt.

11. Defendant objects to the information contained in Paragraph 11 to the extent it calls for legal conclusions. To the extent a response is required, defendant admits that it sent a letter dated January 10, 2012, to the plaintiff seeking to collect a debt on which plaintiff defaulted. Defendant admits that a portion of the language contained in Paragraph 11 accurately recites a portion of the FDCPA. Upon reasonable inquiry, the information known and readily available to the defendant renders it unable to admit the truth or falsity of whether it was a "communication" in an attempt to collect a debt as that term is defined by the FDCPA because it does not know the nature of the plaintiff's underlying debt. Defendant denies the remaining allegations contained in Paragraph 11.

12. Defendant denies that it sent a letter dated January 12, 2012. Further answering the allegations contained in this Paragraph, defendant states that a portion of the language contained in its January 10, 2012 letter is recited in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant objects to the information contained in Paragraph 14 to the extent it calls for legal conclusions. To the extent a response is required, defendant denies the allegations contained in Paragraph 14.

130505087v1 0942497

15. Defendant admits that it is a foreign corporation, and as such, filed an application for authority to do business in New York with the New York Department of State. Defendant denies the remaining allegations contained in Paragraph 15.

16. Defendant objects to the information contained in Paragraph 16 to the extent it calls for legal conclusions. To the extent a response is required, defendant denies the allegations contained in Paragraph 16 accurately characterize or state the appropriate applicability and application of the law when read as a whole and interpreted by case law. In any event, defendant denies it violated this requirement and affirmative states that it complied with the law.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant objects to the information contained in Paragraph 18 to the extent it calls for legal conclusions. To the extent a response is required, defendant denies the allegations contained in Paragraph 18 accurately characterize or state the appropriate applicability and application of the law when read as a whole and interpreted by case law. In any event, defendant denies it violated this requirement and affirmative states that it complied with the law.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant objects to the information contained in Paragraph 22 to the extent it calls for legal conclusions. To the extent a response is required, defendant states that upon reasonable inquiry, the information known and readily available to the defendant (or anyone) renders it unable to admit the truth or falsity of what the unsophisticated consumer, a legal standard, is capable of doing or not doing.

23. Defendant objects to the information contained in Paragraph 23 to the extent it calls for legal conclusions. To the extent a response is required, defendant denies the allegations contained in Paragraph 23 to the extent it alleges defendant violated the law.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant admits that it did not inform plaintiff or other consumers that the debt he and they owed was owed to a company that had no authority to do business in New York or that CPA had no right to collect any money or sue in New York because it would have been false to so state. Further answering the allegations contained in this Paragraph, defendant denies it had any obligation to so inform the plaintiff and other consumers, and denies the remaining allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant objects to the information contained in Paragraph 23 to the extent it calls for legal conclusions. To the extent a response is required, defendant denies the allegations contained in Paragraph 31.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "AS AND FOR A FIRST CAUSE OF ACTION"

32. Defendant incorporates its responses to Paragraphs one through 31 as if fully restated here.

33. Defendant admits the claim purports to be brought on behalf of plaintiff and two classes, but denies it violated the law, denies a class exists or should be certified, and denies anyone is entitled to damages.

34. Defendant admits the claim purports to be brought on behalf of plaintiff and Class A, but denies it violated the law, denies a class exists or should be certified, and denies anyone is entitled to damages.

35. Defendant admits the claim purports to be brought on behalf of plaintiff and Class B, but denies it violated the law, denies a class exists or should be certified, and denies anyone is entitled to damages.

36. Defendant objects to the information contained in Paragraph 23 to the extent it calls for legal conclusions. To the extent a response is required, defendant denies the allegations contained in Paragraph 36.

37. Defendant objects to the information contained in Paragraph 23 to the extent it calls for legal conclusions. To the extent a response is required, defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the facts are appropriate, and thus denies the allegations contained in Paragraph 38.

39. Defendant objects to the information contained in Paragraph 23 to the extent it calls for legal conclusions. To the extent a response is required, defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

130505087v1 0942497

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

### *Second Affirmative Defense*

Any violation of the Fair Debt Collection Practices Act, which Defendant denies occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### *Third Affirmative Defense*

Defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, or other individual defenses. Defendant reserve the right to amend their Affirmative Defenses to address those potential defenses.

### *Fourth Affirmative Defense*

Defendant objects to the definition of the "class" set forth in the Complaint. In the event that Plaintiff moves, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for leave to maintain this lawsuit as a class action, to certify a class for purposes of adjudicating the claims in the Complaint, and/or to certify Plaintiff as class representative, Defendant reserves the right to object to any definition of the class that is proposed by Plaintiff including, but not limited to, the definition of "class" that is set forth in the Complaint.

### *Fifth Affirmative Defense*

Plaintiff's claims are not typical of the class members' individual claims and, therefore, Plaintiff is not an appropriate class representative.

130505087v1 0942497

*Sixth Affirmative Defense*

Defendant asserts that plaintiff has not incurred an injury in fact, and plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims or assert them on behalf of a putative class.

*Seventh Affirmative Defense*

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

DATED:  January 25, 2013

HINSHAW & CULBERTSON LLP
*Attorneys for Defendant,*
*Credit Protection Association, L.P.*

By: */s/Concepcion A. Montoya*
Concepcion A. Montoya (CM-7147)
780 Third Avenue, 4th Floor
New York, New York 10017
P:  212-471-6200
F:  212-935-1166
cmontoya@hinshawlaw.com

To:  Maxim Maximov
*Attorney for Plaintiff*
1600 Avenue M, 2nd Floor
Brooklyn, New York  11230