# MAXIM MAXIMOV, LLP
### ATTORNEYS AT LAW

1600 AVE M • SECOND FLOOR
BROOKLYN • NEW YORK • 11230

EMAIL: M@MAXIMOVLAW.COM
TELEPHONE: (718) 395-3459
FACSIMILE: (718) 408-9570

February 20, 2013

**VIA ECF**
Magistrate Judge Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    Response and Motion to Seal
                  Joel Schwartz v. Credit Protection Association, L.P.
                  Index No. CV-12-4602

Dear Magistrate Judge Pohorelsky:

        I represent the Plaintiff in the above referenced action. First and foremost, thank you for providing us with an opportunity to response to Defendants Motion (Docket No. 9).

        I would like to bring to Your Honor's attention a significant amount of unsound and unethical statements, along with the submission of privileged communications by the Defendants (Docket No. 9).

        Your Honor's Scheduling Order was issued on October 2, 2012 (Docket No. 2). The following day, on October 3, 2012, since Defendants have not yet retained counsel, a conference notification letter was mailed directly to the Defendant's. The defendants were fully and completely aware of the conference as they were provided with a notification letter the day after our firm received the notification from Your Honor.

        Several months later, on January 7, 2013, counsel for the Defendants made an appearance with the filing of a Motion for Extension of Time to File Answer (Docket No. 5). At the time of our firm receiving an ECF notification regarding said filing, there was absolutely no reason for us to mail a conference notification letter to the Defendants attorneys. A conference notification letter has already been provided to the Defendant's and defense counsel was obviously aware of

the conference because their client clearly forwarded them the file with the complaint, summons, etc. along with the conference notification letter.  Furthermore, arguendo, even if the Defendants attorneys overlooked the letter in the packet that they clearly have in fact received from their client, they clearly were aware of the conference (which they claim that they were unaware of) because the conference was listed on the case docket report.  They certainly had an obligation to review the docket after they appeared in the case by the filing of a Motion (Docket No. 5), Corporate Disclosure Statement (Docket No. 6), and Answer (Docket No. 7).  According to the Rules of Professional Responsibility, an attorney must be familiar with the facts of the entire case in order to provide their client with a professional level of service.  Simply filing a motion (Docket No. 5) without reviewing the previous docket entries constitutes ineffective legal representation.  Should the docket have contained dozens of entries and the defendant's attorneys filed a motion which was marked Docket 65, does not mean that the attorneys can turn a blind eye on Docket entries 1 through 64 and assert a claim of not knowing what transpired prior to the time that they filed a document on the docket.  It is clear that the Defendants asserted lack of knowledge of the conference is erroneous.

      Furthermore, defense counsel provided emails and letters which include privileged settlement conversations and these documents should have never been provided as exhibits on ECF.  These are considered privileged and confidential communications which contain negotiations.  The Defendants attempt at arguing that our firm should have provided them with the conference notification during settlement discussions does not mean that their exhibits should have contained settlement correspondence and documentation.  They could have made their argument in a number of other non-prejudicial fashions.  We respectfully request that such documentation be stricken and sealed from the docket report.

      I find it ironic how they purposefully missed a scheduled conference and then the very same day, after receiving an ECF notification from Your Honor, conveniently say that they weren't aware of the conference.  They received an ECF notification from Your Honor regarding the missed conference and they reviewed the docket but they didn't review the docket at the time that they appeared on the case.

      Additionally, on February 13, 2013, Defendants counsel sent a letter to Plaintiffs counsel and they submitted the same letter to the court with the Motion to Amend.  The letter stated in part "…*In the Complaint, Plaintiff alleges that CPA is suspended from doing business in New York in violation of§§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f of the Fair Debt Collection Practices Act ("FDCPA")  because it "failed to publish ... any certificate of publication ... as required."   (Complaint,17). Enclosed please find the proof of publication as well as CPA's current license.  In light of these documents, Plaintiff lacks any basis to continue pursuit of these claims and, therefore, voluntary dismissal of these claims is appropriate.*

      Defendants counsel misstates the Plaintiffs complaint.  One look at the Plaintiffs complaint shows that the plaintiff did not bring a claim for failure to publish, rather the Plaintiff brought a claim for failure *to file any certificate of publication*.  Foreign L.P.'s are required to publish their formation, **and file proof of publication of their L.P. within 120 days of the filing of their application for authority**.  At the time of Plaintiff's commencement of the action

against Defendant, Defendant has failed to publish, **and has <u>failed to file any certificate of publication</u> and/or <u>failed to file any sort of proof or affidavit of publication</u>, as required**. Pursuant to the New York Limited Liability Company Law, **<u>failure to file the certificate of publication results in suspension of authority to do business in New York State</u>**, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.  At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

      Attached is an email that our office received from the Department of Corporations on February 19, 2013.  The Department of Corporations has confirmed that, as of February 19, 2013, no affidavit or certificate of publication has been filed by Credit Protection Association, L.P.  Therefore pursuant to the New York Limited Liability Company Law, **<u>failure to file the certificate of publication results in suspension of authority to do business in New York State</u>**.  At the time of Plaintiffs commencement of this action, Defendants authority to do business was suspended.  In fact, the Department of Corporations has confirmed that as of February 19, 2013, Credit Protection Association, L.P. has still not filed the affidavit or certificate of publication in violation of New York Limited Liability Company Law.

      I respectfully request that should the February 13, 2013 conference be adjourned, Defendants should cover the cost of Plaintiffs attorney hourly rate for reappearance at the conference.  I also respectfully request that the settlement correspondence submitted by the Defendants (Docket No. 9) be stricken and sealed from the record.

      Thank you for Your Honor's time and attention to this matter.

      Very truly yours,

      /s/

      Maxim Maximov, Esq.